IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTY MARIE STROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-501-WKW |
| | ) | [WO] |
| JUDGE GLENN GOGGANS and | ) | |
| WARDEN CROSBY, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Kristy Marie Strouse, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint. (Doc. # 1.) Along with her complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (Doc. # 2) and a copy of her prisoner trust fund account statement (Doc. # 2-1). Based on the financial information submitted by Plaintiff, an initial partial filing fee of $23.71 was assessed on June 25, 2026. (Doc. # 3 ("June 25 Order").) The June 25 Order set a deadline of July 16, 2026, for Plaintiff to pay the initial partial filing fee (*id.* at 2) and expressly cautioned Plaintiff that her failure to comply would result in dismissal of this case (*id.* at 5).

The deadline imposed by the June 25 Order passed, and Plaintiff did not pay the initial partial filing fee as directed. By Order dated July 21, 2026, Plaintiff was instructed to show cause, if there be any, why this action should not be dismissed for

her failure to pay the initial partial filing fee. (Doc. # 4 ("July 21 Order").) The July 21 Order set a deadline of August 4, 2026 (*id.* at 2) and warned Plaintiff that her failure to comply would result in dismissal (*id.* at 3).

To date, Plaintiff has failed to comply with the June 25 and July 21 Orders. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted)

(quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the June 25 and July 21 Orders, despite their express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 11th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3